**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| DEBRA MAULDIN<br><br>Plaintiff(s)<br><br>v.<br><br>LILLY USA, LLC, and ELI LILLY AND COMPANY<br>Defendant(s). | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.:   2:26-cv-793 |

**SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 23 (ECF 503).

<u>**IDENTIFICATION OF PARTIES**</u>

<u>**Plaintiff(s)**</u>

1.    Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): ___Debra Lynn Mauldin_____.

2.    If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: _____,

as _____ of the estate of _____, deceased.

3.    If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): _____.

4.    If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: _____.

<u>**Defendant(s)**</u>

5.    Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

   __ Novo Nordisk Inc.

   ____ Novo Nordisk A/S

   ✕__ Eli Lilly and Company

   ✕__ Lilly USA, LLC

   _____ other(s) (identify): _____

## JURISDICTION AND VENUE

6.  City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

New Braunfels, Texas

7.  State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

Texas

8.  State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

Texas

9.  City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

New Braunfels, Texas

10.  Jurisdiction is based on:

✕__ diversity of citizenship pursuant to 28 U.S.C. § 1332

_____ other (plead in sufficient detail as required by applicable rules):

_____

_____

11.  The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

United States District Court for the Western District of Texas

12.  Venue is proper in the District Court identified in Paragraph 11 because:

✕__ a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

3

_  _  other (plead in sufficient detail as required by applicable rules):

_____

_____

13.  If applicable, identify the citizenship of any additional Defendant(s) named above:

_____

## **PRODUCT USE**

14.    Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

\_\_\_\_\_    Ozempic (semaglutide)

\_\_\_\_\_    Wegovy (semaglutide)

\_\_\_\_\_    Rybelsus (oral semaglutide)

\_\_\_\_\_    Victoza (liraglutide)

\_\_\_\_\_    Saxenda (liraglutide)

__X__    Trulicity (dulaglutide)

\_\_\_\_\_    Mounjaro (tirzepatide)

\_\_\_\_\_    Zepbound (tirzepatide)

\_\_\_\_\_    Other(s) (specify): _____

15.    To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

11/2023 - 09/2024
_____

_____

_____

_____

**INJURIES AND DAMAGES**

16.    To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s),

Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

_X_____ Gastroparesis

_X_____ Other gastro-intestinal injuries (specify) _____Abdominal Pain; Nausea; Vomiting_____

_____ Ileus

_____ Ischemic Bowel/Ischemic Colitis

_____ Intestinal Obstruction

_____ Necrotizing Pancreatitis

_____ Gallbladder Injury (specify) _____

_____ Micronutrient Deficiency

_____ Wernicke's encephalopathy

_____ Aspiration

_____ Death

_____ Additional/Other(s) (specify): _____

17.    Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

03/2024

_____

_____

_____

_____

18.     In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

    X     Injury to self

\_\_\_\_\_ Injury to person represented

    X     Economic loss

\_\_\_\_\_ Wrongful death

\_\_\_\_\_ Survivorship

\_\_\_\_\_ Loss of services

\_\_\_\_\_ Loss of consortium

\_\_\_\_\_ other(s) (specify): _____

## CAUSES OF ACTION

19.     In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

X \_\_\_\_\_ Count I:     Failure to Warn – Negligence

X \_\_\_\_\_ Count II:     Failure to Warn – Strict Liability

X \_\_\_\_\_ Count III:     Breach of Express Warranty/Failure to Conform to Representations

X \_\_\_\_\_ Count IV:     Breach of Implied Warranty

\_\_\_\_\_ Count V:     Fraudulent Concealment/Fraud by Omission

\_\_\_\_\_ Count VI:     Fraudulent/Intentional Misrepresentation

X \_\_\_\_\_ Count VII:     Negligent Misrepresentation/Marketing

X \_\_\_\_\_ Count VIII: Strict Product Liability Misrepresentation/Marketing

\_\_\_\_\_ Count IX:     Innocent Misrepresentation/Marketing

X \_\_\_\_\_ Count X:     Unfair Trade Practices/Consumer Protection (see below)

X \_\_\_\_\_ Count XI:     Negligence

\_\_\_\_\_ Count XII:     Negligent Undertaking

\_\_\_\_\_ Count XIII: State Product Liability Act (see below)

\_\_\_\_\_ Count XIV: Wrongful Death

\_\_\_\_\_ Count XV:     Loss of Consortium

\_\_\_\_\_ Count XVI: Survival Action

\_\_\_\_\_ Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

_____

_____

_____

_____

20.    If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or

consumer protection statutes of any jurisdiction as identified in Count X above:*

   a.   Indicate the specific statute (including subsections) under which Plaintiff(s)

        is/are bringing such claims:

        Texas's Deceptive Trade Practices-Consumer Protection Act - Tex. Bus. & Com. Code §§ 17.41 et seq.

        _____

        Tex. Bus. & Com. Code Ann. § 17.46(a); § 17.46(b)(5), (7), (9), (24); § 17.50(a).

        _____

        _____

   b.   Identify the factual allegations supporting those claims (by subsection, if

        applicable):

        See Attachment A.

        _____

        _____

        _____

*** Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.**

21.     If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

      a.     Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

_____

_____

_____

      b.     Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

_____

_____

_____

      c.     Identify the factual allegations supporting those claims:

_____

_____

_____

***\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.***

22.     If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? __Yes_____.  If so, attach such notice.

## RELIEF

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: 02/06/2026
_____

By:

/s/ Richard W. Schulte
_____

Richard W. Schulte, Esq. (pro hac vice)
_____

Ohio Bar No. 0066031
_____

rschulte@yourlegalhelp.com
_____

Wright & Schulte, LLC
_____

865 S. Dixie Dr. Vandalia, Ohio, 45377
_____

P: (937) 435-7500
_____

*Counsel for Plaintiff*
_____

11



December 4, 2025

Name: Debra Mauldin
Address: 770 I-35 N Apt 1011 New Braunfels TX 78130
Represented by: Richard W. Schulte Wright & Schulte, LLC - 865 S. Dixie Dr. Vandalia, Ohio 45377

VIA CERTIFIED MAIL – RETURN RECEIPT REQUESTED

National Registered Agents, Inc. obo Eli Lilly and Company
1209 Orange Street
Wilmington DE 19801
&
National Registered Agents, Inc. obo Lilly USA, LLC
334 North Senate Avenue,
Indianapolis, IN, 46204, USA

**RE: Statutory Notice and Demand for Settlement Under the Texas Deceptive Trade Practices Act (DTPA)**

Dear Eli Lilly and Company & Lilly USA, LLC,

  My firm has been retained to represent Debra Mauldin concerning the damages that Debra Mauldin suffered because of Trulicity designed, manufactured, marketed, and distributed by Eli Lilly and Company & Lilly USA, LLC collectively "Defendants." This letter serves as a formal pre-suit notice of Debra Mauldin's claims against Defendants, as required by the Texas Deceptive Trade Practices-Consumer Protection Act (DTPA), Texas Business & Commerce Code § 17.505. This letter details specific complaints, outlines the damages our client has suffered because of your product, and presents a demand for settlement to resolve this matter without the need for litigation.

**Factual Background**

  On or around November of 2023, Debra Mauldin was prescribed Trulicity by name Vanessa Duber, NP. Debra Mauldin took Trulicity as prescribed by her provider. Debra Mauldin injected the medication per the instructions of the medication. On or around, March of 2024, Debra Mauldin was diagnosed with gastroparesis. In sum, because of using Trulicity, Debra Mauldin was caused to suffer from gastroparesis and its sequelae and, as a result, sustained severe and permanent personal injuries, pain, suffering, and emotional distress.

**Violations of the Deceptive Trade Practices Act (DTPA)**

**865 S Dixie Drive ▪ Vandalia, OH 45377 ▪ O: (937) 435.7500 ▪ F: (937) 435.7511**
**WWW.YOURLEGALHELP.COM**

130 W. Second St. ▪ Suite 1600
Dayton, OH 45402
O: (937) 222.7477 ▪ F: (937) 222.7911
WWW.YOUROHIOLEGALHELP.COM

31100 Pinetree Road ▪ Suite 225
Pepper Pike, OH 44124
O: (216) 591.0133 ▪ F: (216) 591.0622
WWW.YOURLEGALHELP.COM



WRIGHT & SCHULTE LLC
AN EXPERIENCED LAW FIRM

December 4, 2025

The unfair and deceptive practices of Defendants in this instance include recklessly and negligently testing, designing, manufacturing, marketing, selling and/or distributing their suite of GLP-1 products, including the Trulicity used by Debra Mauldin. During their business dealings, Defendants expressly and impliedly warranted that the Trulicity was reasonably safe and fit for the purposes that Debra Mauldin had been prescribed. But Defendants knew or at the very least should have known that the design of Trulicity was dangerously flawed. Defendants failed to disclose to Debra Mauldin and her treating physicians the risks of increased risk of severe gastrointestinal events (e.g., gastroparesis, gastroenteritis, intestinal blockage, ileus, bowel or esophageal injury, cyclical vomiting, and malnutrition), gallbladder problems necessitating surgery, and/or death, as well as the need to permanently stay on the drug or the weight will be regained

Defendants violated industry standards and sold and marketed a pharmaceutical that was not reasonably suited for its intended use and contained inadequate and improper warnings and instructions. So, Defendants violated the Texas Deceptive Trade Practices-Consumer Protection Act.

**Damages Sustained & Demand for Relief**

As a direct and proximate result of Defendants' violation of Texas Deceptive Trade Practices-Consumer Protection Act, Debra Mauldin has suffered—and continues to suffer—serious bodily injuries, mental and physical pain and suffering, emotional distress and has incurred significant medical expenses, among other damages. Under Texas Deceptive Trade Practices-Consumer Protection Act, we demand that Defendants provide reasonable relief in response to this claim. Based on the facts and circumstances, we believe reasonable relief to be a settlement offer in the amount of $1,000,000.

**We look forward to your prompt response.** In the event this matter is not resolved while pending in MDL No 3094 In Re Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAS) Products Liability Litigation, which is coordinated for pretrial purposes, and the case is remanded to a Federal Court with original jurisdiction in United States District Court for the Western District of Texas, local counsel will enter an appearance to further litigate the issues and claims under the Texas Deceptive Trade Practices Act (DTPA).

Sincerely,

Richard W. Schulte
Davis Schwartz
Wright & Schulte, LLC

**865 S Dixie Drive ▪ Vandalia, OH 45377 ▪ O: (937) 435.7500 ▪ F: (937) 435.7511**
**WWW.YOURLEGALHELP.COM**

130 W. Second St. ▪ Suite 1600
Dayton, OH 45402
O: (937) 222.7477 ▪ F: (937) 222.7911
WWW.YOUROHIOLEGALHELP.COM

31100 Pinetree Road ▪ Suite 225
Pepper Pike, OH 44124
O: (216) 591.0133 ▪ F: (216) 591.0622
WWW.YOURLEGALHELP.COM

## ATTACHMENT "A"

## UNFAIR TRADE PRACTICES / CONSUMER PROTECTION SUPPLEMENT

1.      Plaintiff incorporates by reference the factual allegations in the Master Complaint and its paragraphs 850-65 as though set forth fully at length herein.

2.      Plaintiff brings this claim against the Defendant(s) identified in paragraph 5 of the Short Form Complaint ("Defendant(s)").

3.      Plaintiff brings this claim under the statute, and relevant subsections, identified in Paragraph 20(a) of the Short Form Complaint (the "Statute").

4.      The Texas Deceptive Trade Practices-Consumer Protection Act ("Texas DTPA" or the "Statute") prohibits "[f]alse, misleading, or deceptive acts or practices in the conduct of any trade or commerce[,]" Tex. Bus. & Com. Code Ann. § 17.46(a), and an "unconscionable action or course of action[,]" Tex. Bus. & Com. Code Ann. § 17.50(a)(3).

5.      Plaintiff and/or Defendant(s) are "persons" under the Statute.

6.      Plaintiff is a consumer who purchased one or more GLP-1 RA Products for personal, family, and/or household purposes.

7.      Defendant(s) are the suppliers, manufacturers, advertisers, and/or sellers of the GLP-1 RA Products, subject to liability under the Statute for fraudulent, unfair, deceptive, and unconscionable consumer sales practices.

8.      Defendant(s) designed, manufactured, assembled, inspected, tested (or not), packaged, labeled, marketed, advertised, promoted, supplied, distributed, sold and/or otherwise placed the GLP-1 RA Products into the stream of commerce, and therefore owed not only a duty of reasonable care to avoid causing harm to those that consumed it, such as Plaintiff, but also

separate and independent statutory duties to be truthful, fair, accurate, and to not mislead or deceive consumers in connection with the sale of GLP-1 RA Products.

9.      Defendant(s) marketed and advertised the GLP-1 RA Products to consumers, physicians, and other healthcare entities in Texas. In addition, Defendant(s) sold the GLP-1 RA Products to residents of Texas; shipped GLP-1 RA Products to Texas; and otherwise engaged in trade or commerce, or conducted business, related to the GLP-1 RA Products in Texas. Defendant(s)' misconduct described herein significantly affected Texas consumers.

10.     As alleged in the Master Complaint, Defendant(s) engaged in unfair competition or unfair, deceptive, misleading, false, fraudulent, or unconscionable acts or practices in violation of the Statute by, among other things:

    a.  Misleading consumers regarding the safety risks associated with use of their GLP-1 RA Products and overstating the weight-loss benefits and understating risks from using the GLP-1 RA Products;

    b.  Excessively advertising, marketing and overpromoting their GLP-1 RA Products, including turbo-charging the pre-existing extensive direct-to-consumer marketing campaign with use of telehealth providers and promoting the drugs off-label; and

    c.  Failing to disclose that they performed research and testing in a manner that would lead to under-reporting of the severe risks of using the GLP-1 RA Products.

11.     As described in the Master Complaint, including in the paragraphs cited in paragraph 856 of the Master Complaint as well as paragraphs 447 through 576 of the Master Complaint, at all relevant times, Defendant(s) knew or should have known, including from preclinical trials, premarket clinical trials, post-market surveillance, adverse event reports, and published scientific papers, that the GLP-1 RA Products posed serious health risks to users. Despite this knowledge, Defendant(s) continued to mislead consumers by omitting, understating, or downplaying risks associated with use of their GLP-1 RA Products.

12.     As described in the Master Complaint, including in paragraphs 577 through 601 of the Master Complaint, at all relevant times, Defendant(s) knew or should have known that their GLP-1 RA Products are not as effective for weight loss as Defendant(s) claimed. Despite espousing significant weight-loss benefits, Defendant(s) knew that the average person loses only a small percentage of their body weight while on GLP-1 RA Products, a significant percentage of patients experience minimal to no weight loss, many people stop taking GLP-1 RA Products relatively quickly, and many people who discontinue use gain back as much as — or more than — the weight they lost while using the GLP-1 RA Products. Despite this knowledge, Defendant(s) continued to mislead consumers by overstating the products' weight-loss benefits.

13.     The information referenced above that Defendant(s) misrepresented, concealed and did not disclose, was material. A reasonable person, including Plaintiff, would find that information, which was related to their health and well-being, such as the serious adverse health risks associated with the use of the GLP-1 RA Products and the limits of the products' efficacy, to be important when deciding whether to purchase and/or use the GLP-1 RA Products.

14.     Defendant(s) intentionally concealed the foregoing material information from consumers, users, prescribers, physicians and other health care providers, including Plaintiff and Plaintiff's health care providers, because to do otherwise would have resulted in fewer prescriptions written for, and fewer purchases of, the GLP-1 RA Products.

15.     Defendant(s) violated the Statute by failing to disclose the material health and safety information regarding the GLP-1 RA Products discussed above to consumers, users, physicians, health care providers and others, including Plaintiff and Plaintiff's health care providers, in any of Defendant(s)' marketing and promotional materials, advertising, packaging, labeling, websites, and/or any other public communication.

16.     Defendant(s) violated the Statute by making numerous representations about the weight-loss benefits of taking GLP-1 RA Products while concealing additional information related to the purported weight-loss benefits from consumers, users, physicians, health care providers and others, including Plaintiff and Plaintiff's health care providers, in any of Defendant(s)' marketing and promotional materials, advertising, packaging, labeling, websites, and/or any other public communication.

17.     Prior to Plaintiff's use of GLP-1 RAs, Plaintiff saw advertisements concerning the medication. Plaintiff's initial impressions were that GLP-1 RAs were a safe and easy option to treat her health issues.  Plaintiff was not given adequate warning or instructions on the side effects and injuries that can be caused by a GLP-1 RA.

18.     Defendant(s) knew that the misrepresentations, omissions and concealment of material safety and efficacy information in the GLP-1 RA Products' packaging, labels, advertisements, promotional materials, websites, and other communications and disclosures rendered them false, deceptive, inadequate, and misleading.

19.     By consistently and pervasively understating the risk and overstating the benefits of taking GLP-1 RA Products, Defendant(s) engaged in unfair, deceptive and/or fraudulent acts in violation of the statute by, among other things:

20.     In violation of the Statute, Defendant(s)' conduct described herein constitutes the knowing and willful act, use, or employment of deception, false promise, misrepresentation, and unfair practices, and the concealment, suppression, and omission of material facts in connection with the sale and advertisement of goods, merchandise and/or consumer merchandise (*i.e.*, the GLP-1 RA Products), in trade or commerce, and was done with the intention that consumers such as Plaintiff would rely upon such conduct in purchasing or using the GLP-1 RA Products.

21.     Defendant(s)' conduct was fraudulent and deceptive because the material misrepresentations and omissions had the capacity or tendency to deceive and, in fact, did deceive reasonable consumers, including Plaintiff.

22.     Plaintiff justifiably relied on Defendant(s)' misrepresentations and omissions and if Plaintiff had known the information that Defendant(s) withheld and concealed, Plaintiff would not have purchased or used the GLP-1 RA Products.

23.     As a result of such deceptive packaging, labels, advertisements, promotional materials, websites, and other communications and disclosures, Plaintiff purchased and/or used the GLP-1 RA Products in justifiable and reasonable reliance on Defendant(s) misrepresentations and omissions.  Defendant(s) expected or should have expected reasonable consumers to rely on these misrepresentation and omissions, in part, because the omitted information directly relates to consumers' health and well-being.

24.     Plaintiff at all times acted as a reasonable consumer in relying upon Defendant(s)' misrepresentations and material omissions concerning Defendants' GLP-1 Products in choosing to purchase and/or consume the GLP-1 RA Products prescribed by their health care provider.

25.     The actions and omissions of Defendant(s) are uncured or incurable.

26.     As alleged above, Defendant(s) had actual knowledge of the defective and dangerous condition of the GLP-1 RA Products and failed to take any action to cure those conditions.

27.      As a direct and proximate result of Defendant(s)' misconduct described herein, Plaintiff has suffered serious injuries, economic and non-economic losses, and other damages, all of which can be calculated with a reasonable degree of certainty using sufficiently definitive and objective evidence, including those set forth in paragraphs 16 to 18 in the Short Form Complaint.

5

28.     Accordingly, pursuant to the Statute, Plaintiff seeks to recover statutory, exemplary, treble, and/or punitive damages, costs of suit, and attorneys' fees, and equitable relief as appropriate, and all such other relief as the Court deems proper.